# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1281**
**CA 11-00276**
PRESENT: SCUDDER, P.J., SMITH, GREEN, GORSKI, AND MARTOCHE, JJ.

---

CHRISTINA G. CAGNINA, PLAINTIFF-APPELLANT,

              V                               MEMORANDUM AND ORDER

ONONDAGA COUNTY, THE ASSIGNED COUNSEL
PROGRAM, INC., ONONDAGA COUNTY BAR
ASSOCIATION, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

JEFFREY R. PARRY, SYRACUSE, FOR PLAINTIFF-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (JONATHAN B. FELLOWS OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered September 28, 2010. The order granted the motion of defendants Onondaga County, The Assigned Counsel Program, Inc., and the Onondaga County Bar Association for partial summary judgment.

It is hereby ORDERED that the order so appealed from is modified on the law by denying that part of defendants' motion for partial summary judgment dismissing the declaratory judgment cause of action, vacating the third ordering paragraph, reinstating that cause of action and granting judgment in favor of defendants as follows:

It is ADJUDGED and DECLARED that the assigned counsel plan established by defendant Onondaga County Bar Association Assigned Counsel Program, Inc., incorrectly sued as The Assigned Counsel Program, Inc., is valid with the exception of section D (2) under the "Assignment by Court and Client Eligibility" heading,

and by granting judgment in favor of plaintiff as follows:

It is ADJUDGED and DECLARED that section D (2) under the "Assignment by Court and Client Eligibility" heading of the assigned counsel plan is invalid,

and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that various sections of the assigned counsel plan in defendant Onondaga County (County) were invalid. Defendant Onondaga

County Bar Association Assigned Counsel Program, Inc., incorrectly sued as The Assigned Counsel Program, Inc. (ACP), established the assigned counsel plan (hereafter, ACP Plan) pursuant to County Law article 18-B through a contract with defendant Onondaga County Bar Association (OCBA). Defendants moved for partial summary judgment dismissing the complaint against OCBA and three causes of action, including one seeking a declaratory judgment, against the remaining defendants.

For the reasons set forth in *Roulan v County of Onondaga* (___ AD3d ___ [Dec. 30, 2011]), we conclude that Supreme Court erred in granting the motion in its entirety. As we concluded in *Roulan*, section D (2) under the "Assignment by Court and Client Eligibility" heading of the ACP Plan should be declared invalid. Although plaintiff did not cross-move for summary judgment on the declaratory judgment cause of action, CPLR 3212 (b) permits us to search the record and to grant summary judgment to a nonmoving party where, as here, it appears that a nonmoving party is entitled to such relief. We therefore modify the order by denying that part of defendants' motion for partial summary judgment dismissing the declaratory judgment cause of action, vacating the third ordering paragraph, reinstating that cause of action and declaring that the ACP Plan is valid with the exception of section D (2) under the "Assignment by Court and Client Eligibility" heading. We further modify the order by granting judgment in favor of plaintiff and declaring that section D (2) under the "Assignment by Court and Client Eligibility" heading of the ACP Plan is invalid.

All concur except GREEN and MARTOCHE, JJ., who dissent in part and vote to modify in accordance with the following Memorandum: We respectfully dissent in part. We agree with the majority except insofar as the majority concludes that section C (4) under the "Assignment by Court and Client Eligibility" heading of the assigned counsel plan established by defendant Onondaga County Bar Association Assigned Counsel Program, Inc., incorrectly sued as The Assigned Counsel Program, Inc. (hereafter, ACP Plan), is valid (*see Roulan v County of Onondaga*, ___ AD3d ___ [Dec. 30, 2011, Green, J. and Martoche, J., dissenting]). We therefore would further modify the order by declaring that section C (4) under the "Assignment by Court and Client Eligibility" heading of the ACP Plan is invalid.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court